No. 41,957

STATE OF KANSAS, *Appellee*, v. GENE GOETZ, *Appellant.*

(353 P. 2d 816)

Opinion filed July 2, 1960.

*Gene Goetz* was on the briefs *pro se.*

*Duane E. West,* county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, and *Robert E. Hoffman,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant appeals from an order of the trial court overruling his motion for a discharge and from a judgment and sentence in a criminal action.

On September 2, 1958, a complaint was filed in the county court of Finney county which contained two counts charging defendant (appellant), Gene Goetz, with violation of G. S. 1949, 21-608 and 21-621. A warrant for defendant's arrest was issued on the same day, but he was not immediately apprehended. On September 5, the defendant was committed to the Kansas state penitentiary upon a sentence for an offense committed in another county, and Finney county authorities, in the same month, filed a detainer with the prison authorities.

On three different occasions, the defendant made written demand for a speedy trial. On October 27, 1958, he wrote the county attorney of Finney county; hearing nothing, he wrote the county attorney on December 11, again demanding a speedy trial. In response to this letter, the county attorney, on December 15, acknowledged receipt of both demands and advised defendant, ". . . as soon as you have been discharged or paroled from Lansing [the Kansas state penitentiary] you will be returned to Finney county and accommodated with a speedy and fair jury trial if you so desire."

On July 9, 1959, approximately seven months later, defendant, pursuant to G. S. 1959 Supp., Ch. 62, Art. 29 (Laws of 1959, Ch. 362, July 1), caused a request for disposition of detainer placed against him to be sent by certified mail to the judge of the county court and the county attorney of Finney county. His request stated:

"TAKE NOTICE that Gene Goetz, the above named defendant, on this 9th day of July 1959 being incarcerated in the Kansas State Penitentiary at Lansing, Kansas, hereby requests speedy and fair trial by an impartial jury, or a final dismissal, with prejudice, of any and all untried complaint's, indictment or information pending against him in Finney County, Kansas.

"Defendant makes this request under authority of the Uniform Mandatory Disposition of Detainers act as enacted by the Legislature of the State of Kansas." (G. S. 1959 Supp., Ch. 62, Art. 29.)

Defendant's request was received by the respective Finney county authorities July 13.

Subsequently, on September 10, defendant was returned to Finney county. September 11, the warrant of arrest which had been issued September 2, 1958, was served on defendant, and on September 16, 1959, defendant was given a preliminary hearing and bound over to the district court of Finney county for trial at the next term, to commence September 21. On September 21, the

Finney county attorney filed the information and the trial court appointed a duly qualified and practicing attorney to represent defendant, who, on November 6, filed a motion in behalf of defendant for discharge on the ground that defendant had not been given a speedy trial. This motion was overruled and on November 9 defendant was returned to the state penitentiary, where he remained until January 9, 1960, at which time he was returned to Finney county for trial on the aforementioned information.

At the trial held January 12, defendant renewed his motion for discharge on the ground that he had not been afforded a speedy trial as contemplated by section 10 of the bill of rights of our state constitution and G. S. 1959 Supp., Ch. 62, Art. 29, and that by reason thereof the district court of Finney county had lost jurisdiction. The motion was overruled and the county attorney dismissed the first count of the information, and the defendant entered his plea of guilty to the second count. The court accepted defendant's plea of guilty. Defendant thereupon filed a motion for a new trial, again questioning the jurisdiction of the trial court. On January 15, the lower court overruled this motion and sentenced him to confinement in the state penitentiary in accordance with G. S. 1949, 21-631.

On appeal, the defendant's sole contention is that he was not given a speedy trial as provided in section 10 of our bill of rights and that the district court lost jurisdiction by reason of the failure of the state to bring him to trial within a period provided by G. S. 1959 Supp., 62-2903.

Section 10 of our bill of rights declares that in all prosecutions the accused shall have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. In construing the constitutional provisions we said in *State v. Hess,* 180 Kan. 472, 474, 304 P. 2d 474, that this is not the grant of a mere privilege; it is the grant to an accused person of a right of which he cannot be deprived by the laches of public officers. In *State v. Brockelman,* 173 Kan. 469, 249 P. 2d 692, we noted that the right to a speedy trial has been zealously guarded by the English people since the signing of the Magna Charta. It is written into the constitution of the United States and has been adopted in the bill of rights of this state. A right so sacredly guarded cannot be lightly ignored. The provisions of section 10 are a directive to prosecuting officers to act and not delay the prosecution of persons charged with criminal offenses (*In re Trull,* 133 Kan. 165, 169, 298 Pac. 775).

However, the right to a speedy trial is a personal right which may be waived and is waived if accused fails to assert his rights (*Morland v. United States* [10th Cir.], 193 F. 2d 297). In *In re Baxter*, 121 Kan. 636, 639, 249 Pac. 610, we said:

"The provisions for a speedy trial are made for the benefit of the accused and to protect him against the procrastination or oppression of prosecutors; but important as the right is, it is one which the accused may waive. He is not entitled to a discharge for a delay occasioned by his own act, . . ."

We are confronted with the question of what constitutes a speedy trial as guaranteed by our bill of rights. Our answer to this question is found in the uniform mandatory disposition of detainers act, chapter 362 of the Laws of 1959, effective July 1, 1959 (G. S. 1959 Supp., Ch. 62, Art. 29). Section 62-2901 provides, in pertinent part, that any person who is imprisoned in a penal institution of this state *may request* final disposition of any untried information or complaint pending against him in this state; that the request shall be directed in writing to the court in which the information or complaint is pending and to the county attorney charged with the duty of prosecuting it; that the official having custody of the prisoner shall promptly inform the prisoner in writing of the source and nature of any untried information or complaint against him of which the official has knowledge or notice and of the prisoner's right to make request for final disposition thereof.

G. S. 1959 Supp., 62-2903 provides:

"Within one hundred eighty (180) days after the receipt of the request and certificate by the court and county attorney or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after *such a request, the indictment, information or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untired [untried] indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice.*" [Emphasis supplied.]

The mentioned statutes supplement the constitution and are to be regarded as rendering the constitutional guaranty effective, and constitute a legislative definition of what is under the circumstances a reasonable time in bringing an accused to trial (*In re Trull*, supra, p. 167; *State v. Hess*, supra). The purpose of the statutes is to carry into effect the constitutional guaranty of a speedy trial (*State v. Hess*, supra, p. 475).

It was the apparent intent of the legislature, in passing the mentioned act, to prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal cases. (*State v. Brockelman,* supra.)

In the instant case more than sixteen months expired from the time the warrant for defendant's arrest was issued to the time of his trial; more than fourteen months elapsed after his first request for a speedy trial, and 183 days expired after Finney county officials received defendant's request for disposition of detainer as provided by G. S. 1959 Supp., Ch. 62, Art. 29. The record contains no cause or reason for the delay in bringing defendant to trial within the time provided by the statute.

It is apparent that this case falls within the provisions of G. S. 1959 Supp., 62-2903, wherein it is stated that after a request for disposition of detainer has been made and no good cause has been shown for the lapse of more than 180 days no court of this state shall any longer have jurisdiction of the action and the information or complaint shall be dismissed with prejudice. The legislature of this state having spoken in clear and concise terms, it follows that the judgment of the trial court is reversed with directions to set aside the judgment and sentence and dismiss the action with prejudice.

It is so ordered.