No. 44,102

Otis E. Brimer, Also Known as Otis Elmer Brimer, *Appellant*, v. The State of Kansas, *Appellee.*

(402 P. 2d 789)

Opinion filed June 12, 1965.

*Richard E. Blackwell,* of Salina, argued the cause and was on the briefs for appellant.

*John Weckel,* of Salina, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, and *Bill Crews,* County Attorney, of Salina, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal arises out of the provisions of K. S. A. 60-1507, whereby the appellant, who is presently confined in the Kansas State Penitentiary, sought to vacate and set aside an alleged void sentence of the district court of Saline County entered March 17, 1961, upon his pleas of quilty to two counts of forgery in the second degree. Relief was denied by the district court, hence this appeal.

The facts are not in dispute. On August 10, 1960, a complaint was filed in the city court of Salina, Kansas, charging the appellant, hereafter referred to as defendant, with two counts of forgery in the second degree. On that same day, a warrant for the defendant's arrest was duly issued to the sheriff of Saline County on the complaint. At the time the complaint was filed and the warrant issued, the defendant was duly and lawfully confined in the Kansas State Penitentiary at Lansing, Kansas. A detainer was issued notifying the warden of the Kansas State Penitentiary of the pendency of the crriminal complaint in the city court of Salina, Kansas.

On August 25, 1960, the defendant, through the warden, attempting to comply with the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2901, *et seq.*) caused a request for disposition of the detainer placed against him to be sent by certified mail to the sheriff of Saline County, the *district court* of Saline County, and the county attorney.

On February 24, 1961, the defendant was returned from the penitentiary and appeared before the judge of the city court of Salina; he waived preliminary examination on both counts of forgery in the second degree then pending against him, and the city court bound him over to the district court to stand trial on those charges.

On March 9, 1961, an information was filed in the district court charging the defendant with two counts of forgery in the second degree. On March 14, 1961, the defendant was brought before the district court and it being made to appear to the court that the defendant did not have counsel and that he desired the court to appoint counsel to represent him in that cause, the court appointed Mr. Harold L. Smither, a member of the Bar of Saline County, to represent the defendant.

On March 17, 1961, the defendant and his counsel appeared before the district court for arraignment; and upon being asked by the court how he desired to plead to the charges of forgery in the second degree, the defendant entered his plea of guilty to each of said charges. Thereupon, the court sentenced the defendant to confinement in the Kansas State Penitentiary for a period of not more than ten years on each count pursuant to G. S. 1949, 21-631, the term of each sentence to run concurrently with the other and with the remaining sentence under which the defendant was then serving in the Kansas State Penitentiary.

On February 3, 1964, the defendant filed a petition for a writ of habeas corpus in the district court of Saline County, alleging that he had fully complied with the requirements of the Uniform Mandatory Disposition of Detainers Act and that the failure of the authorities of Saline County to bring him to trial before the expiration of the period of time fixed in the Act rendered the convictions of March 17, 1961, illegal and void, and the district court of Saline County was without jurisdiction to impose sentence upon him.

On February 7, 1964, the district court permitted the defendant to proceed *in forma pauperis* set his petition for hearing on February 21, 1964, and entered an order which was served upon the defendant, ordering him to submit to the court prior to the hearing any and all documentary or written evidence available to him in support of his allegations of compliance with the Uniform Mandatory Disposition of Detainers Act, and specifically, to show proof of mailing of the request for disposition of detainer to the court in which the indictment, information, or complaint was pending against him and the manner and date of mailing.

On February 18, 1964, the district court appointed Mr. Bryan J. Hoffman, a practicing attorney of Salina, to represent the defendant.

On February 21, 1964, the court found that the relief asked for by the defendant in his petition for a writ of habeas corpus was in effect a motion for relief under the provisions of K. S. A. 60-1507, and ordered that the defendant's petition be treated as a motion for relief thereunder. Upon request of defendant's counsel, the hearing on the motion was continued until March 9, 1964.

On that date, the court found that the defendant's application under the Uniform Mandatory Disposition of Detainers Act was directed to the district court of Saline County and that all matters then

pending against him relating to the offenses of forgery in the second degree were contained in the complaint then pending in the *city court of Salina* and no other court; that none of the notices requesting disposition of the detainer were mailed by him through the warden to the city court of Salina; that the defendant did not comply with the provisions of the Act, and that his allegation that he was not tried within 180 days as provided in K. S. A. 62-2903 was not correct and was not proved by the defendant, and that, therefore, the notice and request made by him did not comply with the Act and did not deprive the district court of jurisdiction to accept his pleas of guilty on March 17, 1961, or to find him guilty on said pleas and to sentence him to confinement in the Kansas State Penitentiary.

The district court further found that his pleas of guilty entered on March 17, 1961, were legal in all respects and that the defendant was not entitled to relief in this proceeding, and entered its order denying relief under K. S. A. 60-1507.

It appears from the record that 179 days elapsed from August 25, 1960, when the defendant attempted to comply with the provisions of the Disposition of Detainers Act, until February 24, 1961, when he was returned to Saline County and brought before the judge of the city court of Salina when he waived his right to a preliminary examination. On March 9, 1961, the county attorney filed an information in the district court charging the defendant with two counts of second degree forgery. Thereafter, the defendant voluntarily entered his pleas of guilty to those charges on March 17, 1961. Approximately 201 days had elapsed from the time he mailed his request for disposition of detainer on August 25, 1960, until he was brought to trial on March 17, 1961.

In *State v. Goetz*, 187 Kan. 117, 353 P. 2d 816, this court held that the speedy trial provided by section 10 of our Bill of Rights of an accused prisoner incarcerated in a penal institution of this state has, under specified conditions, been legislatively defined by the Uniform Mandatory Disposition of Detainers Act. (K. S. A. 62-2901 *et seq.*)

The Act, in pertinent part, is summarized and quoted: Section 62-2901 provides that any person who is imprisoned in a penal or correctional institution of this state may request final disposition of any untried indictment, information or complaint pending against him. *The prisoner's request shall be in writing, addressed to the*

*court which the indictment, information or complaint is pending* and to the county attorney charged with the study of prosecuting him. The warden or superintendent having custody of prisoners shall promptly notify each prisoner in writing the source and nature of any untried indictment, information or complaint against him of which he has knowledge or notice and of the prisoner's right to make a request for final disposition thereof.

Section 62-2902 provides that the prisoner's request shall be delivered to the warden or superintendent having custody of the prisoner, who shall forthwith send by registered or certified mail, return receipt requested, one copy of the prisoner's request and certificate to the court and one copy to the county attorney to whom it is addressed.

Section 62-2903 provides:

"Within one hundred eighty (180) days after the receipt of the request and certificate by the court and county attorney or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. *If, after such a request, the indictment, information or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice."* (Emphasis supplied.)

The record in this case does not contain the defendant's written request for disposition of detainer placed against him, which was directed to the district court of Saline County, and to the sheriff and county attorney. The defendant contends there was substantial and sufficient compliance with the Uniform Mandatory Disposition of Detainers Act when he prepared the request for disposition of the detainer, notwithstanding the fact that the notice and request were mailed to the district court of Saline County rather than to the city court of Salina where the untried complaint was then pending against him.

The Disposition of Detainers Act clearly provides that the prisoner in any penal or correctional institution of this state may request final disposition of a criminal charge or proceeding pending against him by a request in writing "addressed to the court in which the indictment, information or complaint is pending." The court below specifically found that when the defendant mailed his

request for disposition of detainer, the criminal charges then pending against him were pending in the city court of Salina and in no other court. The right to a speedy trial as provided in section 10 of our Bill of Rights is a personal right and, as previously indicated, has been legislatively defined by K. S. A. 62-2901 *et seq*. However, the right to invoke that statute requires compliance by the prisoner with all its provisions including the preparation by him and the mailing by the warden of his notice for request of disposition of detainer to the court in which the untried indictment, information or complaint is then pending against him. While the Act is to be construed so as to effectuate its general purpose to make uniform the law of those state which have enacted it, we cannot say that when a request for disposition of detainer is mailed to a court other than the one in which the criminal charge against the prisoner is then pending, is a compliance with the Act so as to require the state to bring the defendant to trial within the time and under the terms and conditions of section 62-2903.

In *State v. Goetz*, supra, the criminal charges against the defendant were pending in the county court of Finney County, Kansas. The request for disposition of detainer complied with the Act—it was sent by certified mail to the judge of the county court and the county attorney of Finney County. Later, the defendant was given a preliminary examination and bound over to the district court for trial. He was not brought to trial in the district court wtihin 180 days from the date of his request for disposition of detainer and this court held that the district court did not have jurisdiction to accept the defendant's pleas of guilty and to sentence him to confinement in the penitentiary.

In the instant case, the only court to which the defendant could direct his notice for disposition of detainer was the city court of Salina. That was the only court which then had criminal charges pending against him. Not until he waived his right to a preliminary examination and an information was filed in the district court charging him with forgery in the second degree, did the district court have jurisdiction to try those charges. While a prisoner who is confined in a penal institution of this state must be brought to trial within 180 days after receipt of his request by the court and county attorney, he is required to comply with the Act to receive its protection. Where, as here, the defendant directed his notice to a court which did not have criminal charges pending against him, his re-

quest for disposition of detainer was ineffective to invoke the benefits of the Act. Hence, in failing to comply with the provisions of the Act, the defendant waived his right to question whether he had a speedy trial by his pleas of guilty entered on March 17, 1961. (*Moore v. Hand,* 187 Kan. 260, 356 P. 2d 809.)

This court is compelled to conclude that the defendant failed to comply with the provisions of the Uniform Mandatory Disposition of Detainers Act by his failure to serve his notice and certificate upon the city court of Salina, and the district court of Saline County was not deprived of jurisdiction to accept his pleas of guilty on March 17, 1961, or find him guilty on said pleas and to lawfully sentence him to confinement in the Kansas State Penitentiary.

The judgment is affirmed.