No. 45,988

EARL RAY THOMAS, *Appellee*, v. STATE OF KANSAS, *Appellant*.

(479 P. 2d 897)

Opinion filed January 23, 1971.

*Edward G. Collister, Jr.*, Assistant Attorney General, argued the cause, and *Kent Frizzell*, Attorney General, was with him on the brief for the appellant.

*M. C. Slough*, of St. Marys, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal by the state from an order of the district court in a proceeding under K. S. A. 60-1507 vacating the conviction and sentence of the petitioner, and ordering his discharge from the state penitentiary because of delay in bringing him to trial on a charge of robbery.

On October 30, 1961, in the District Court of Jackson County, Kansas, petitioner was convicted of robbery in the first degree. On November 8, 1961, he was sentenced to not less than twenty years nor more than forty-two years at hard labor at the Kansas State penitentiary at Lansing, Kansas, under the terms of the Kansas Habitual Criminal Act.

The facts leading up to the conviction on the robbery were stipulated.

The stipulation relates that on August 25, 1959, a complaint was filed in the County Court of Jackson County, Kansas against Earl Ray Thomas accusing him of having committed the crime of robbery in the first degree. Accordingly, a warrant was issued on August 25, 1959, returned and filed on September 9, 1959. Preliminary hearing was had on September 22, 1959, after which he was bound over

for trial during the October 1959 term of the district court. Two days following preliminary hearing an information was filed by the county attorney. A continuance over the October 1959 term of court was thereafter requested by the defendant, Thomas, through his appointed counsel. On December 6, 1959, having been incarcerated pending trial, he broke jail and was apprehended a day later.

He was charged with the crime of escaping custody and breaking jail. On January 18, 1960, he was brought before the district court with his appointed counsel. He waived formal arraignment and entered a plea of guilty to the crime of escaping custody and breaking jail. He was forthwith sentenced to the Kansas State Penitentiary at Lansing, Kansas for a term of not less than fifteen years.

Eighteen months and eighteen days subsequent to the filing of the information charging the offense of robbery, on April 11, 1961, a detainer was filed with the warden of the Kansas State Penitentiary at Lansing, Kansas. After the detainer was filed, and during the May term of the court, the matter was set for trial during the October 1961 term of court. On October 27, 1961, a trial by jury was had on the information filed against Thomas on September 24, 1959.

It is admitted that petitioner, during the period of his incarceration in the Kansas State Penitentiary at Lansing, Kansas, made no attempt to employ procedures for relief established under the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62,2901, et seq.)

On January 15, 1969, the petitioner filed proceedings under the provisions of K. S. A. 60-1507. The allegation material to the determination of the issue on appeal reads:

"State concisely all the grounds on which you base your allegation that you are being held in custody unlawfully: (a) Denied fast and speedy trial, denied right to appeal, denied right to obtain witness in own behalf (b) Identification not proper. denied effective assistance of counsel, denied fair and impartial trial (c) Prior conviction used to enhance penalty not prior crime."

The trial court in a memorandum opinion stated in part:

"The State suggests that Thomas' recourse was to demand trial under the Uniform Disposition of Detainers Act; that when the detainer was filed against Thomas on April 11, 1961, Thomas was required to demand trial under the Act. And, since he did not do this, he cannot be heard to complain. The Act referred to, K. S. A. 62-2901, would seem to apply to a situation such as the McCullough case, supra. It seems to the Court that it has no application to

this case. This statute may not be used to avoid the requirements of K. S. A. 62-1431.

"The Court therefore concludes that Thomas was not afforded a trial within the time limitation set forth in G. S., 1949, 62-1431, and was entitled to be discharged from the charge in Case No. 1627 in the District Court of Jackson County, Kansas, the robbery case."

The conviction and sentence was set aside and the petitioner released from custody.

The state has appealed.

It contends that K. S. A. 62-1431 does not apply to situations where an accused is in a penal institution on conviction of a crime while prosecution for another offense is pending against him.

We had the same issues before us under similar facts in *State v. Brooks*, 206 Kan. 418, 479 P. 2d 893, No. 45,853, this day decided. In the *Brooks* case we concluded that where a prosecution is pending against a person confined in a state penal institution for another offense, the definition of a speedy trial and the procedure for relief are governed by the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2901, *et seq.*) and not by K. S. A. 62-1431.

What was said in the *Brooks* case is controlling here. It would serve no useful purpose to reiterate what was said there. The opinion in the *Brooks* case is adopted herein by reference and made a part hereof.

The judgment vacating the conviction and sentence and discharging the petitioner is reversed and the case is remanded to the district court for the purpose of permitting the enforcement of that part of its judgment from which no appeal was taken.

APPROVED BY THE COURT.

KAUL, J., not participating.