No. 45,853

STATE OF KANSAS, *Appellant*, v. C. D. BROOKS, *Appellee*.

(479 P. 2d 893)

Opinion filed January 23, 1971.

*Edward G. Collister, Jr.*, Assistant Attorney General, argued the cause, and *Kent Frizzell*, Attorney General, *Frank D. Menghini*, County Attorney, and *Nick A. Tomasic*, Assistant County Attorney, were with him on the brief for the appellant.

*Rick J. Eichor*, of Kansas City, argued the cause, and *William E. Scott*, of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal by the state from an order of the district court discharging an accused from prosecution because of his being denied a speedy trial.

The facts on the issues as presented to the trial court are not in dispute.

The movant, appellee here, was charged with the theft of an automobile on March 26, 1968. While out on bail awaiting trial he again became involved and was charged with attempted robbery on April 8, 1968.

On April 10, and 11, 1968, the movant was tried and convicted on the automobile theft charge and sentenced to the Kansas State Re-

formatory at Hutchinson. He was there until June 24, 1969—thirteen months—at which time he was paroled and returned to Wyandotte County. The attempted robbery charge was set for trial on Monday, September 29, 1969.

On or about September 18, 1969, the movant filed his motion for discharge. The motion reads:

"Comes now the defendant above named, C. D. Brooks, and moves the Court for an order discharging him from trial in the above entitled matter [attempted robbery] because of the failure of the State to comply with the provisions of K. S. A. 62-1431, and 62-1432, and for the further violation of Section 10 of the Bill of Rights of the Constitution of the State of Kansas which guarantees the defendant a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and for the further violation of the Sixth Amendment to the United States Constitution which also guarantees the defendant-accused, the right to a speedy and public trial by an impartial jury of the state and district where the alleged crime shall have been committed, and for the further violation of Section 1 of the Fourteenth Amendment to the United States Constitution which guarantees to the defendant due process of law and equal protection of the laws."

The motion was tried before the district court on September 24, 1969, and on September 26, 1969, a journal entry was filed in which the trial court concluded:

". . . The Court concludes as a matter of law that it must follow the mandate of the United States Supreme Court in the case of *Smith v. Hooey*, 89 S. Ct. 575 (1969), and other similarly well-reasoned cases, and that the defendant must be discharged in compliance with K. S. A. 62-1431.

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant, C. D. Brooks, be and he is discharged from prosecution in the above entitled case on this 26th day of September, 1969."

The state has appealed.

The appellant contends that *Smith v. Hooey*, 393 U. S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 is not controlling under the facts before us and K. S. A. 62-1431 has no application.

We are inclined to agree.

In *Smith v. Hooey* it was determined that the right to a speedy trial as expressed in the Sixth Amendment to the Constitution of the United States was made applicable to the states by reason of the Fourteenth Amendment but the court gave little practical guidance for effectuating the right or for determining when the right has been violated. We do not find that it changed any of the rules announced in *Fleming v. United States*, 378 F. 2d 502, where the United States Circuit Court of Appeals, First Circuit, stated:

"As to defendant's additional contention that the post-indictment delay violated his Sixth Amendment right to a speedy trial, as well as the 'unnecessary delay' clause of Rule 48 (*b*) which enforces this right, we point out that this delay was also very short—eleven months. Furthermore, 'the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances.' United States v. Ewell, supra, 383 U. S. at 120, 86 S. Ct. at 776. Consequently, the showing of a mere lapse of time is not enough to establish denial of a speedy trial. As indicated above, it is essential that defendant also show prejudice or that the delay was improperly motivated." (p. 504.)

It would also appear from the above cases that a request is necessary before defendant can complain of failure to grant a speedy trial under the federal rule.

We next turn to the Kansas requirements for a speedy trial. The Kansas Constitution provides in Section 10 of the Bill of Rights that every person accused of a crime is entitled to a speedy trial. Although the language of this particular section is similar to that of the Sixth Amendment to the United States Constitution its definition is somewhat different. We have in a number of cases concluded that the Kansas constitutional right to a speedy trial is defined by the various statutory provisions enacted to supplement the general language of the constitution. Prior to 1959, this court consistently held that K. S. A. 62-1431 and K. S. A. 62-1432 defined the right to a speedy trial as it existed under Section 10 of the State Bill of Rights. In *State v. Williams,* 187 Kan. 629, 630, 360 P. 2d 11, we stated at page 630 of the opinion:

". . . What constitutes a speedy trial is said to be legislatively defined by G. S. 1949, 62-1431 and 62-1432. (See *In re Trull,* 133 Kan. 165, 167, 298 Pac. 775; *State v. Hess,* 180 Kan. 472, 474, 475, 304 P. 2d 474; *State v. Goetz,* 187 Kan. 117, 353 P. 2d 816.) In its decisions (See, *e. g., State v. Stanley,* 179 Kan. 613, 615, 296 P. 2d 1088, and *State v. Hess,* supra.) . . ."

K. S. A. 62-1432 applies only where the accused is out on bail waiting trial and could have no application here.

The statute (K. S. A. 62-1431) cited by the trial court as authority for its conclusion provides:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

The above statute is definite as to time and no request by the

defendant is necessary. However, it has never been construed as applicable to a situation such as we have here where the defendant was not brought to trial because incarcerated in a penal institution on a previous conviction. Rather, the statute has been applied to situations where the defendant was confined in a local jail because of inability to make bail pending trial. (See *McCullough v. Hudspeth*, 168 Kan. 39, 41, 210 P. 2d 413.) Also, in *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652, we stated at page 426:

". . . Both K. S. A. 62-1431 and K. S. A. 62-1432 are designed to carry into effect the constitutional guaranty of expeditious trial. *The first statute provides, in substance, that where a person who is held in jail has not been brought to trial before the end of the second term of court after he was indicted or informed against, he is entitled to be discharged* (with exceptions not here material). The lapse of 52 days between the date of plaintiff's arrest and the date he was sentenced is well within the limits set out in the statute." (Emphasis supplied.)

It may well be said that the statements made in *McCullough* and *Cooper* were dicta. However, the statements were closely related to the questions presented and do indicate the opinion of the court. There are no statements to the contrary.

In 1959 the Kansas legislature passed the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2901, *et seq.*). This act, for the first time, provided the manner in which an inmate of a penal institution might require the disposition of any criminal charges pending against him. The act provided a method whereby one incarcerated in a penal institution could make applicable to him the legislative definition of speedy trial. Again, this court noted that the Uniform Mandatory Disposition of Detainers Act is a portion of the legislative definition of the right to speedy trial under section 10 of the State Bill of Rights. (*Brimer v. State*, 195 Kan. 107, 402 P. 2d 789.) However, unlike the procedure under K. S. A. 62-1431 and 62-1432, an inmate in a penal institution must take affirmative action to comply with the Uniform Mandatory Disposition of Detainers Act before he is entitled to relief under that act. (*State v. Goetz*, 187 Kan. 117, 121, 353 P. 2d 816.) Hence, in the absence of a demand for relief under the Uniform Mandatory Disposition of Detainers Act, the right to a speedy trial has in effect been waived by one incarcerated in a penal institution.

It now appears that the appellee would abandon the theory under which his motion for discharge was presented to the trial court and

rely on the provisions of K. S. A. 62-2901, *et seq.* Appellee states in his brief:

"The appellee will present his brief on the basis that the trial court was correct in its ruling although the trial court may have assigned a reason and cited a case not exactly in point as to the exact matter in question here, but very much in point as to the spirit of the law as it now exists in the State of Kansas."

Appellee would now contend that "the trial court should have found that K. S. A. 62-2901, *et seq.,* applied."

One difficulty with appellee's contention is that the motion for discharge made no mention of K. S. A. 62-2901, *et seq.* Neither was the statute mentioned by the appellee in the presentation of the question to the trial court. Another and more vital difficulty is that the appellee made no showing that he had complied with the mandatory provisions of the act or showed by satisfactory proof why he had not done so. In *Brimer v. State,* 195 Kan. 107, 402 P. 2d 789, we held in paragraph 2 of the syllabus:

"To obtain the right of a speedy public trial provided by section 10 of our Bill of Rights, as legislatively defined by the Uniform Mandatory Disposition of Detainers Act, it is incumbent upon the accused incarcerated in a penal institution of this state to comply with all provisions of the Act, including the preparation of his written request for disposition of detainer to be addressed to the court in which the indictment, information or complaint is then pending against him and to the county attorney charged with the duty of prosecuting it."

The judgment is reversed and the case remanded to the trial court for further proceedings.

APPROVED BY THE COURT.