No. 47,413

JAMES CORDILL TOWNSEND, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 758)

Opinion filed July 17, 1974.

*E. Roger Horsky,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: This appeal is from a denial of a motion under K. S. A. 60-1507 to vacate appellant's sentence. Appellant's claim is that he was denied a speedy trial.

Appellant, along with other inmates at the state penitentiary, was involved in an assault on a guard on October 7, 1968. Formal charges arising from the altercation were filed on March 28, 1969. A preliminary hearing was held and appellant was bound over to the district court on April 10, 1969. Trial was not held until some nine months later, on January 19, 1970. At that trial appellant was convicted of assault with intent to maim.

On January 8, 1973, the petitioner filed this motion alleging as his sole ground for relief that he was not informed within one year by the warden of his right to request a speedy disposition of the charges pending against him, as required by the uniform mandatory disposition of detainers act, K. S. A. 62-2901 (now K. S. A. 1973 Supp. 22-4301). The district court denied the motion without an evidentiary hearing, finding that the "files and records of this case conclusively show that movant is entitled to no relief." It based its conclusion on the fact that trial was held within one year after the filing of the complaint. Hence the warden's time to act had not run, and no statutory violation could have occurred.

In this court appellant concedes that the trial court correctly ruled on the narrow issue presented by the motion. However, he now calls attention to a document he filed with the clerk of the Leavenworth district court on May 19, 1969, entitled "Request for Fair and Speedy Trial." He relies on that part of K. S. A. 62-2901 (now K. S. A. 1973 Supp. 22-4301) which provides that if such a request is *properly served and filed* the charged person must be brought to trial within 180 days of the request. Appellant alleges that the presence of his speedy-trial request in the files of the trial court should have raised a substantial enough issue to require at least an evidentiary hearing.

The flaw in this argument lies in appellant's request as filed. His proof of service shows unequivocally that he made but two copies, one for the court and one for the institutional files. The statute clearly requires filing with the court *and* service on the county attorney.

This court has held on prior occasions that to secure a dismissal an accused must bring himself squarely within the statute and comply with all of its provisions. Thus in *Brimer v. State*, 195 Kan. 107, 402 P. 2d 789, the petitioner properly served the county attorney but filed his request in the wrong court. There we held that by failing to comply strictly with the statute he had waived his rights under the act. By the same reasoning, appellant's failure here to follow the statute prevents its application to his case. See also, *State v. Brooks*, 206 Kan. 418, 479 P. 2d 893; *Thomas v. State*, 206 Kan. 529, 479 P. 2d 897.

As a last thrust appellant suggests that even if there was no relief available under the detainers act, the trial court should have held a hearing on a general claim of a denial of his constitutional right to a speedy trial. At the same time he concedes in his brief that "The constitutional pr[o]visions were given legislative definition in K. S. A. 62-2901 *et seq.*, The Uniform Mandatory Disposition of Detainers Act." The concession is in accord with our long-established rule that the legislature may, within reason, define what is meant by the constitutional guarantee of a speedy trial, and has consistently done so. *In re McMicken*, 39 Kan. 406, 18 Pac. 473; *In re Trull*, 133 Kan. 165, 298 Pac. 775; *State v. Goetz*, 187 Kan. 117, 353 P. 2d 816; *State v. Wilson*, 198 Kan. 532, 426 P. 2d 288. As was said in *In re Trull*, supra:

"It is generally held that the statutes supplement the constitution and are to be regarded as rendering the constitutional guaranty effective and constitute a legislative definition of what is, under the circumstances named, a reasonable and proper delay in bringing an accused to trial." (p. 167.)

At the time of appellant's trial the general legislative definition of a speedy trial was found in K. S. A. 62-1431 and 62-1432, providing for trial within two or three terms of court, depending on whether the accused was in jail or free on bond. Those statutes were replaced in 1970 by what is now K. S. A. 1973 Supp. 22-3402. See, *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023. So long as the statutory deadlines are met, an accused is not heard to claim a denial of a speedy trial. *State v. Davis*, 209 Kan. 225, 495 P. 2d 965; *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652.

As to inmates of a penal institution, however, those statutes are inapplicable. Inmates' rights are governed solely by the detainers act. *State v. Brooks*, supra; *Thomas v. State*, supra; *State v. Ellis*, 208 Kan. 59, 490 P. 2d 364. In *State v. Brooks*, supra, we held:

"Where a prosecution is pending against an accused confined in a state penal institution for another offense, the definition of a speedy trial and the procedure for relief are governed by the provisions of the Uniform Mandatory Disposition of Detainers Act, K. S. A. 62-2901, *et seq.*, and the provisions of K. S. A. 62-1431 have no application." (Syl. ¶ 1.)

"To obtain the right of a speedy public trial provided by section 10 of our Bill of Rights, as legislatively defined by the Uniform Mandatory Disposition of Detainers Act, it is incumbent upon the accused incarcerated in a penal institution of this state to comply with all provisions of the Act, including the preparation of his written request for disposition of detainer to be addressed to the court in which the indictment, information or complaint is then pending against him and to the county attorney charged with the duty of prosecuting it. (Following *Brimer v. State,* 195 Kan. 107, 402 P. 2d 789.)" (Syl. ¶ 2.)

Thus appellant's argument has come full circle. He had a constitutional right to a speedy trial, but that right was defined in the detainer's act. He concedes as much. That act provides a simple, efficacious method for an inmate to secure a speedy trial, and where he complies this court has not hesitated to grant relief. See *State v. Goetz,* supra, where the accused was discharged when his trial began just three days after the statutory 180. And cf., *State v. Otero,* 210 Kan. 530, 502 P. 2d 763. Here, appellant also concedes that the authorities complied with the act. By the latter concession he necessarily agrees that he was not denied his constitutional right to a speedy trial.

The judgment is affirmed.

APPROVED BY THE COURT.