No. 47,371

CLAUDE HOWARD JONES, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(524 P. 2d 717)

Opinion filed July 17, 1974.

*Theodore M. Wilch*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

*Per Curiam:* This is an appeal from an order denying post-conviction relief after an evidentiary hearing.

Appellant Claude Howard Jones was convicted of first degree murder of a fellow inmate of the Kansas State Penitentiary at Lansing. The charge was filed on June 14, 1968, and sentence was imposed June 11, 1969. For further details see the opinion affirming on direct appeal, *State v. Jones*, 209 Kan. 526, 498 P. 2d 65.

Appellant claims he was entitled to a new trial because the county attorney at his first trial suppressed evidence that the state's witness Conchola testified under compulsion of being subjected to a similar charge. This matter was tried on conflicting evidence at the hearing on the motion filed under K. S. A. 60-1507. The trial court found against the appellant and there is evidence which, if believed, supports the court's finding.

The final contention is that K. S. A. 62-2901 of the Uniform Mandatory Disposition of Detainers Act required the warden to inform him in writing of the source and nature of any untried information or complaint against him within one year after a detainer has been filed at the institution and if not a dismissal of the information or complaint is required.. The formal notice was not served within the time specified. However, the record shows the appellant was convicted and sentenced for the crime within a year after the charge was filed. Where an inmate of a penal institution is brought to trial within one year of the filing of formal charges against him, the

failure of the warden to notify him within that year that such charges are pending against him is immaterial, and does not constitute a violation of the detainers act. See *Townsend v. State,* 215 Kan. 485, 524 P. 2d 758.

The judgment is affirmed.