STATE of North Dakota, Plaintiff and Appellee,

v.

Stanley David CARLSON, Defendant and Appellant.

Cr. No. 589.

Supreme Court of North Dakota.

Oct. 11, 1977.

Rehearing Denied Oct. 26, 1977.

Keith A. Wolberg, Bismarck, for defendant and appellant.

Rolf P. Sletten, Asst. State's Atty., Bismarck, for plaintiff and appellee.

SAND, Justice.

The defendant, Stanley David Carlson, appealed from a Burleigh County judgment of conviction of robbery and from an order before trial denying his motion to dismiss the charge against him. He contended that the Uniform Mandatory Disposition of Detainers Act supplements the constitutional right to a speedy trial and that his rights under either or both have been denied by the trial court.

To determine the merits of defendant's appeal, a chronological examination of the pertinent proceedings up to the trial and conviction will be necessary.

Early in 1976, the defendant pleaded guilty to the crime of robbery in Ward County and was sentenced to one year at the State Farm, less time served in the Ward County jail.

While the defendant was serving his sentence at the State Farm, detainers for the charge of robbery were lodged against him by Burke and McHenry Counties, as well as a detainer for robbery from Burleigh County, after which the defendant was removed to the North Dakota State Penitentiary.

The Burleigh County detainer, which is the one involved in this appeal, disclosed that the defendant, in a criminal complaint dated 24 February 1976, was charged with committing armed robbery at the Bismarck Century Discount store.[1]

The warden informed the defendant of the detainers. The defendant then completed "Inmate's Request for Disposition of Complaint" dated 21 May 1976, which was filed with the clerk of the county court on 2 June 1976. In accordance with Chapter 29–33 of the North Dakota Century Code, the warden completed the certificate of inmate's status and the offer to deliver temporary custody of the defendant. Both documents were dated 26 May 1976, and were filed 2 June 1976, with the clerk of the county court of Burleigh County. The defendant at this time had court-appointed counsel number one.

The defendant waived preliminary hearing and was bound over to Burleigh County district court on 14 June 1976. At his arraignment in district court, on 23 June 1976, he deferred the entry of a plea and requested a two-week continuance, which was granted on the condition "that you [defendant] will not assert the speedy trial right summarily upon the State and force it to trial unreasonably."

The State took notice of this delay and sought assurance from the court that it would not be considered prejudicial against the State; whereupon the defendant's counsel responded by stating that "This delay is not going to be a request for speedy trial."

On 9 July 1976, the date to which the arraignment was continued, the defendant entered a plea of not guilty. At that time the court directed "counsel for both the State and the defendant to arrange with the Court Administrator to have this matter set down for trial at the earliest convenient time." The Court Administrator, after consultation with the attorneys of record, set the trial for 14 October 1976.

Nevertheless, the defendant, aided by an inmate of the Penitentiary, but without the aid of his court-appointed counsel, filed a habeas corpus petition in the Burleigh County district court alleging a violation of his constitutional right to a speedy trial and noting that his counsel had "refused to protect petitioner's constitutional rights where the authorities of Burleigh, Burke, and McHenry Counties have failed to bring petitioner before the Court for trial within the 90 day period under Section 29–33–03, North Dakota Century Code." The habeas corpus petition was heard on 13 October 1976, at which time the State moved to dismiss the petition.

The affidavit of the assistant state's attorney of Burleigh County, dated 13 Octo-

---

1. The complaint was lodged in Burleigh County Court with Increased Jurisdiction. A preliminary hearing at this stage had not yet been held.

ber 1976, filed in support of the State's motion to dismiss the defendant's habeas corpus petition, disclosed that defendant's counsel informed him that he would be unable to try the case during August and that "he wished to set a time in September or October, 1976 for the trial."

The affidavit further stated that defendant's counsel had informed him and the court administrator that he could not try the case during the first week of August because of a personal matter and his schedule did not permit another trial during August. He also stated that during the period of August 26 to September 9 a number of telephone conversations were held between the court administrator, defendant's counsel, and the state's attorney's office, to find a date which would not create an impossible conflict; subsequently defendant's counsel informed the state's attorney that he would be unavailable on September 15, 17, 23, and 24, and during the week of October 25, 1976; and the trial was ultimately set for 14 October 1976, after "comparing the calendars of defendant's counsel, the court, and the state's attorney's office."

Immediately after the habeas corpus hearing on 13 October 1976, the court dismissed the petition, allowed the court-appointed counsel to withdraw from the case, and continued the trial, stating:

> "The continuance is brought about by the petitioner's own shortcomings, and any delay which is caused now, because of your challenge to jurisdiction, if you wish to proceed that way, or because you feel you have inadequate counsel, is your own delay. The State didn't ask for this, and it will have no bearing on any possible subsequent motion under speedy trial provisions."

The defendant also filed a habeas corpus petition with the North Dakota Supreme Court, which the Court denied on 20 October 1976.

Following the withdrawal of defendant's court-appointed counsel, the district court appointed counsel number two for the defendant. Defendant later made a motion to relieve his second court-appointed counsel, which was heard and granted by the district court on 8 November 1976.

Counsel number three for the defendant was appointed, who, on 23 November 1976, made and filed a motion to dismiss the Burleigh County robbery complaint on the ground that defendant's constitutional right to a speedy trial had been violated and that the court was without jurisdiction to try him because he was not tried within the ninety-day period set out in the Uniform Mandatory Disposition of Detainers Act, Chapter 29–33, NDCC.

Defendant's first court-appointed counsel filed an affidavit entitled "In Support of Motion to Dismiss," dated 23 November 1976. It disclosed essentially the same facts as the affidavit filed by the assistant state's attorney resisting the writ of habeas corpus and later used to resist defendant's motion to dismiss: That defendant's counsel informed the court administrator that he was unable to try the case during two weeks in August because of trials scheduled in Bismarck and Fargo; that the trial in Fargo actually took two weeks; that he was unavailable during the week of 6 September 1976 because of a personal matter; and that he had informed the court administrator's office that he would be unavailable on September 15, 17, 23, or 24.

The district court, on 1 December 1976, denied defendant's motion to dismiss, finding "that those delays or continuances which caused the information not to be brought to trial within ninety days were stipulated to by the parties by inference and agreement."

The defendant was then tried to the court without a jury on 8 December 1976 for the Century Discount store robbery, and was found guilty of the charge. He was sentenced to ten years in the State Penitentiary, suspended in the entirety upon his meeting certain conditions for a five-year period.

On 26 January 1977 the defendant appealed from the judgment of conviction and the order of the district court denying his motion to dismiss the complaint.

The defendant basically contends that the district court was without jurisdiction to try him on the robbery charge because he had complied with the requirements of Chapter 29–33, NDCC, requesting disposition of the detainer lodged against him, the State had not formally obtained a continuance, and more than ninety days had passed since the request for disposition of the detainer.

The defendant's argument and approach can be characterized as treating Chapter 29–33, NDCC, strictly as a statute of limitations.

The pertinent section of the Uniform Mandatory Disposition of Detainers Act is § 29–33–03, NDCC:

"Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice."

A careful analysis of this section discloses that there are several conditions and requirements involved: (1) the request must be made to both the court in which the charge is filed and to the prosecuting official; (2) the court, for good cause, in open court may grant additional time in the presence of defendant's counsel or the defendant being present personally; (3) the parties may stipulate for a continuance; and (4) a continuance may also be granted by the court with notice to the attorney of record and an opportunity for him to be heard.

■ Thus, on careful analysis of the pertinent provisions of the Uniform Mandatory Disposition of Detainers Act, it becomes clear that it is basically a procedural statute [2] establishing a conditional right, and by virtue of § 29–33–01 is limited to those instances where a detainer has been filed against a person imprisoned in a penal or correctional institution in the State of North Dakota. It requires several conditions and contingencies which must be met affirmatively, and for these reasons it is not a strict statute of limitations.

■ To make the provisions of the Mandatory Disposition of Detainers Act fully operative and effective, the defendant must comply with all of the requirements so as to bring himself squarely within the provisions of the statute. *Townsend v. State*, 215 Kan. 485, 524 P.2d 758 (1974). The request must be filed with the proper court and served upon the prosecutor. *Ekis v. Darr*, 217 Kan. 817, 539 P.2d 16 (1975). Service upon the prosecutor is essential. See *State v. Moore*, 521 P.2d 556 (Utah 1974). As to the proper court to be notified, there appears to be some difference of opinion. See *Brimer v. State*, 195 Kan. 107, 402 P.2d 789 (1965); *State v. Goetz*, 187 Kan. 117, 353 P.2d 816 (1960); *State v. Moore*, 521 P.2d 556 (Utah 1974); *State v. Clark*, 28 Utah 2d 272, 501 P.2d 274 (1972).

However, because we resolve the issues before us on other grounds, and because service on the parties is not an issue, it would serve no useful purpose to discuss the time when the prosecuting attorney received the request and which actions, if any, tolled the running of the ninety-day period.

The defendant, throughout his argument, mentioned that no formal continuation in open court was accomplished and therefore he was not bound by the resulting extension of the ninety-day period.

2. Under the new Judicial Article, § 87 of the North Dakota Constitution, the Supreme Court has been granted authority to promulgate rules of procedure to be followed by all courts of this State.

The defendant's right to be tried within a ninety-day period upon meeting all of the requirements as provided for in Chapter 29–33, NDCC, is a conditional procedural statutory right. It is not the equivalent of a fundamental constitutional right requiring the personal waiver or consent of the defendant to be effective. Therefore the defendant's attorney may extend the ninety-day period by agreement or oral stipulation with or without the defendant's presence either in open court or out of court. *State v. Davis*, 44 Ohio App.2d 95, 335 N.E.2d 874 (1975).

In *State v. Earnest*, 265 So.2d 397, 400 (Fla.D.Ct.App.1972), the court said:

"It would virtually destroy the court's ability to progress [*sic*] criminal prosecutions in an orderly fashion if stipulations and agreements between prosecuting attorneys and counsel for defendants could not be recognized as effectively binding unless reduced to writing, signed and filed in the cause, and record proof be made that the agreement was fully explained to defendant and knowingly, intelligently, and understandingly consented to by him."

We agree with this statement and the underlying reason, to which we should add that it would be unreasonable and would unduly burden the courts to require that every agreement between attorneys of record be reduced to writing or formally approved by an order of the court.

Furthermore, lawyers, in addition to being officers of the court in this State, are subject to a strict code of professional responsibility, making any violation thereof grounds for disciplinary action which may result in either a suspension or revocation of the right to practice law. Oral agreements between counsel have been recognized in this State, and out of necessity must continue to be recognized. In *Matter of Malloy*, 248 N.W.2d 43 (N.D.1976), we determined that disciplinary proceedings could be based on failure of counsel to comply with commitments made of record with another attorney.

In the instant case the defendant caused a delay when he deferred the entry of a plea in district court on 23 June 1976 and asked for a two-week continuance which the court granted on the condition that the defendant would not assert the speedy trial right summarily upon the State. The defendant's counsel responded by stating that this delay "is not going to be a request for a speedy trial." The court on the date of arraignment directed counsel for both the State and the defendant to arrange a trial date with the court administrator. The court administrator, after consultation with the attorneys of record, set the trial for 14 October 1976. The affidavits filed by the prosecuting attorney and defendant's first counsel clearly show that the trial date of 14 October 1976 was reached by agreement or oral stipulation. The record is completely devoid of any action taken by the defendant which would indicate his dissatisfaction with the trial date or the agreement with counsel, except for the writ of habeas corpus filed by the defendant without the aid of his court-appointed counsel. The defendant may not have things both ways. He may not have the benefit of a delay and then turn about and charge the State with such delay.

We are satisfied from the record before us that defendant's counsel had a right to stipulate to the 14 October date for trial without obtaining the specific written or recorded consent of the defendant.

Section 29–33–03, NDCC, as pointed out earlier herein, specifically recognizes that the parties may stipulate for a continuance. This is what was done in this instance by the attorneys of record for the parties.

A further delay developed as a result of the habeas corpus petition filed by the defendant, which was heard on 13 October 1976 and denied by the court. Delays thereafter occurred as a result of counsel being relieved and new counsel appointed. The third appointed counsel moved to dismiss the Burleigh County robbery complaint on the ground that defendant's constitutional right to a speedy trial had been violated and that the court was without

jurisdiction to try him because he was not tried within the ninety-day period set out in Chapter 29–33, NDCC.

■ Under these circumstances we conclude that the defendant is bound by any stipulations, oral or written, with or without his presence. We further conclude that because of the stipulation or agreement resulting in an extension of time the robbery charge was not brought on for trial within the ninety-day period and consequently the defendant may not rely merely upon the expiration of the ninety-day period to have the charge dismissed against him. The trial court, in denying the motion to dismiss, applied the proper law.

The defendant also contended that his constitutional right to a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution and Section 13 of the North Dakota Constitution, had been denied, based on the same set of facts and circumstances. His argument is premised on the supposition that Chapter 29–33, NDCC, constitutes a constitutional standard for a speedy trial. This argument is not persuasive.

■ The ninety-day period in the Uniform Mandatory Disposition of Detainers Act, Chapter 29–33, NDCC, is expressly limited and applies only to those instances where detainers are lodged against persons incarcerated in the State of North Dakota, and for this reason it does not constitute a legislative standard of time interval governing the constitutional right to a speedy trial.

The constitutional right to a speedy trial is governed by other factors, generally referred to as the balancing test.

The balancing test is set out in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and is discussed in *State v. Erickson*, 241 N.W.2d 854 (N.D.1976). These cases disclose that certain factors are to be considered in deciding whether a defendant has been deprived of his right to a speedy trial under the constitution. These factors are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant.

■ After considering all four factors required by *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), we reach the conclusion that the defendant in this case has not been denied the constitutional right to a speedy trial. The record clearly shows that the defendant or his counsel were the cause for the delay of the trial, or agreed to a delay.

The judgment of conviction finding defendant guilty of robbery committed in Burleigh County and the court's denial of the motion to dismiss the charge are both affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and PAULSON, JJ., concur.