The Honorable Maurice J. Ryan Municipal Court Judge 701 N. 7th Street Kansas City, Kansas 66101
Dear Judge Ryan:
You inquire whether municipal courts must comply with the Uniform Mandatory Disposition of Detainers Act (Detainers Act)[1] and the Agreement on Detainers (Detainers Agreement)[2] when a prisoner requests final disposition of untried ordinance violations. Both the Detainers Act and the Detainers Agreement allow a prisoner incarcerated in Kansas or in another state to demand that any untried complaints be dismissed unless heard within certain time parameters.[3] The Kansas appellate courts have described these two laws as "parallel acts designed to secure a speedy trial to a person incarcerated in a penal institution either in this or another state:"[4]
"To obtain a speedy trial as guaranteed by Section 10 of our Bill of Rights, as legislatively defined by either of the two Acts [Detainers Act and the Detainers Agreement], it is incumbent upon an accused incarcerated in a penal institution to comply with all the provisions. . . ."[5]
The Detainers Act is part of the Kansas Code of Criminal Procedure (Code).[6] The Code applies to "all criminal cases in the courts of the state of Kansas," with application to "proceedings in . . . municipal court only when specifically provided by law."[7] Therefore, unless the Detainers Act itself refers specifically to municipal court, there is no other law that addresses application of the Detainers Act to municipal courts. With this thought in mind, we review the salient parts of the Detainers Act:
"Any person who is imprisoned in a penal . . . institution of this state may request final disposition of any untried indictment, information or complaint pending against him in this state. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the county attorney charged with the duty of prosecutingit. . . .[8]
"Within 180 days after the receipt of the request and certificate by the court and county attorney . . . the indictment, information or complaint shall be brought to trial. [If] . . . the indictment, information or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction, nor shall the indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice."[9]
By virtue of the reference to a county attorney, it would appear that the Detainers Act has no application to untried complaints in municipal court because county attorneys do not prosecute ordinance violations.[10]
Moreover, municipal courts do not commence prosecutions by information or indictment. Rather, municipal court prosecutions commence with the filing of a "complaint."[11] "Complaint" as defined in the context of the Detainers Act means a "written statement under oath of the essential facts constituting a crime."[12] A "complaint" in municipal court includes both sworn statements by non-law enforcement personnel and unsworn statements by law enforcement officers.[13] Because it is law enforcement officers that initiate the majority of ordinance violations, the complaint is generally not sworn and, therefore, would not constitute a "complaint" for purposes of the Detainers Act.
Another factor that militates against the Detainers Act applying to ordinance violations is the fact that a "complaint," as defined in the context of the Detainers Act, requires that the facts constitute a "crime." "Crime" means "an act or omission defined by law."[14] In Attorney General Opinion No. 97-31, we concluded that this reference means laws enacted by the Legislature — not municipal ordinances. Therefore, it would appear that the type of complaint cognizable under the Detainers Act is a complaint that charges a violation of state statute.
We also note that the purpose of the Detainers Act is to implement the speedy trial requirement of Section 10 of the Kansas Bill of Rights.[15]
In State v. City of Topeka,[16] the Kansas Supreme Court concluded that Section 10 applies only to criminal prosecutions for violation of state laws — not municipal ordinances.[17] Therefore, for the reasons mentioned herein, it is our opinion that the Uniform Mandatory Disposition of Detainers Act does not apply to ordinance violations.
The Agreement on Detainers[18] is actually an interstate compact among 48 states, the District of Columbia and the United States. Its purpose is to encourage the expeditious disposition of untried charges from member jurisdictions and to provide cooperative procedures to facilitate disposition.[19] Adopted in 1969 by the State of Kansas, the salient provisions provide:
"Whenever . . . there is pending in any other party state any untried indictment, information or complaint . . . [the prisoner] shall be brought to trial within [180] days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of theprosecuting officer's jurisdiction . . . his request for a final disposition to be made of the indictment, information or complaint. . . .[20]
"[In] the event that an action . . . is not brought to trial within the period provided . . . the appropriatecourt of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice. . . ."[21]
Fortunately for our purposes, the Kansas Legislature defined "appropriate court." The definition includes only district courts.[22]
Therefore, the Agreement on Detainers clearly has no application to municipal court complaints. Your concern that the Detainers Agreement may embrace ordinance violations by virtue of Article IX which provides that the Agreement should be "liberally construed," and the K.S.A. 22-4403
requirement that "all courts . . . of this state . . . are directed to enforce the agreement" is unfounded. In State v. Hargrove,[23] the defendant attempted unsuccessfully to persuade the Court that Article IX's requirement of liberal construction mandated an interpretation that the Detainers Agreement include a person not yet sentenced:
"To `liberally construe' the Agreement to protect individuals not within the express language of the statute would violate our duty of construction to follow the intent of the legislature as expressed: `[W]hen a statute is plain and unambiguous, the appellate court must give effect to the intent of the legislature as expressed instead of determining what the law should or should not be.'"[24]
K.S.A. 22-4402 is plain and unambiguous that prisoners incarcerated out-of-state can only seek disposition of untried charges filed in Kansas district courts. Therefore, despite Article IX's requirement of liberal construction, it is our opinion that an appellate court would interpret the Detainers Agreement to exclude complaints filed in municipal court.
While our opinion is limited to the application of the Detainers Act and the Detainers Agreement to ordinance violations, we note that a municipal court may still have to grapple with speedy trial issues under the Sixth Amendment to the United States Constitution[25] and the Kansas Code of Procedure for Municipal Courts.[26]
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 22-4301 et seq.
[2] K.S.A. 22-4401 et seq.
[3] K.S.A. 22-4303; K.S.A. 22-4401, Article III, § (a).
[4] Sweat v. Darr, 235 Kan. 570, 574 (1984). See Townsend v. State,215 Kan. 485 (1974); State v. Goetz, 187 Kan. 117 (1960).
[5] State v. Dolack, 216 Kan. 622, 634 (1975).
[6] K.S.A. 22-2101 et seq.
[7] K.S.A. 22-2102 (emphasis added).
[8] K.S.A. 22-4301(a) (emphasis added).
[9] K.S.A. 22-4303 (emphasis added).
[10] K.S.A. 12-4110 ("[t]he city attorney, in person or by assistants, shall prosecute all causes in municipal court").
[11] K.S.A. 12-4201.
[12] K.S.A. 22-2202 (emphasis added).
[13] K.S.A. 12-4113(g).
[14] K.S.A. 2001 Supp. 21-3105 (emphasis added). See also K.S.A. 21-3102
("[n]o conduct constitutes a crime against the state of Kansas unless it is made criminal in this code or in another statute of this state").
[15] State v. Goetz, 187 Kan. 117, 119 (1960) ("in all prosecutions the accused shall have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed"). See alsoTownsend v. State, 215 Kan. 485 (1974).
[16] 36 Kan. 76 (1886).
[17] See City of Fort Scott v. Arbuckle,165 Kan. 374 (1948) (Section 10 right to jury trial not applicable to municipal court).
[18] K.S.A. 22-4401 et seq.
[19] United States v. Mauro, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329
(1978). See State v. Hargrove, 45 P.3d 376 (Kan. 2002).
[20] K.S.A. 22-4401; K.S.A. 22-4401, Article III(a).
[21] K.S.A. 22-4401; K.S.A. 22-4401, Article V(c).
[22] K.S.A. 22-4402 ("[t]he phrase `appropriate court' as used in the agreement on detainers shall, with reference to the courts of this state, mean the district courts").
[23] 45 P.3d 376 (Kan. 2002).
[24] Id. at 376 (citation omitted).
[25] Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607
(1969); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972); State v. Stanphill, 206 Kan. 612 (1971).
[26] K.S.A. 12-4103; 12-4501; City of Overland Park v. Fricke,226 Kan. 496 (1979).