No. 46,032

STATE OF KANSAS, *Appellee*, v. BILLY DEAN ELLIS, *Appellant*.

(490 P. 2d 364)

Opinion filed November 6, 1971.

*Robert D. Beall*, of Leavenworth, argued the cause, and was on the brief for the appellant.

*Douglas G. Waters, Jr.*, special prosecutor, of Leavenworth, argued the cause, and *Vern Miller*, attorney general, and *Patrick J. Reardon*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The appellant has appealed from his conviction of the offense of escape from the penitentiary without breaking, in violation of K. S. A. 21-734.

The controlling question for our consideration is whether or not an accused imprisoned in the state penitentiary for another offense, who has a criminal charge pending against him in Leavenworth

County, is entitled to dismissal of the charge for failure of the warden to inform the accused in writing of the charge and of his right to request final disposition thereof, pursuant to the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2901, *et seq.*).

A complaint was filed on November 6, 1967, in the City Court of Leavenworth charging appellant with the offense in question. On September 18, 1968, pursuant to an arrest warrant, appellant was brought before the judge of the city court where the complaint was read, preliminary hearing was waived, and appellant was bound over to the district court for trial. Thereupon, appellant was ordered returned to the custody of the warden of the state penitentiary.

An information was filed in the District Court of Leavenworth County on October 25, 1968. Appellant was arraigned on September 22, 1969, and trial was set for October 1. On September 26, a motion to dismiss the information was filed on grounds that (1) the information had been pending in district court more than two terms without appellant being brought to trial, in violation of K. S. A. 62-1431, and (2) the warden had failed to advise appellant of his right to request final disposition of the pending charge, as provided by K. S. A. 62-2901 and 62-2902. On September 30, the motion was denied, appellant entered a plea of guilty, and sentence was duly imposed by the district court.

The parties have stipulated that appellant was incarcerated in the penitentiary during the period September 10, 1968, to September 30, 1969, and that he took no action to cause delay in his case coming to trial. It is further agreed that the provisions of K. S. A. 62-2901 (*b*) and (*c*) were not complied with by the warden of the state penitentiary.

Within this factual framework, was appellant denied his right to a speedy trial?

The Kansas Constitution provides in Section 10 of the Bill of Rights that every person accused of a crime is entitled to a speedy trial. In a number of cases this court has said that the right to speedy trial provided for in our Constitution is legislatively defined by the various statutes enacted to supplement the general language of the Constitution and render the constitutional guarantee effective.

At the time the district judge ruled on the motion to dismiss, he did not have the benefit of our decisions in *State v. Brooks,*

206 Kan. 418, 479 P. 2d 893, and *Thomas v. State*, 206 Kan. 529, 479 P. 2d 897. There, we held that where a prosecution is pending against an accused confined in a state penal institution for another offense, the definition of a speedy trial and the procedure for relief are governed by the provisions of the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2901, *et seq.*), and the provisions of K. S. A. 62-1431 have no application. Clearly, appellant was not entitled to an order of dismissal under the latter statute.

The Uniform Mandatory Disposition of Detainers Act was enacted by the legislature in 1959. This act, for the first time, provided a method whereby an inmate of a penal institution could require the disposition of any criminal charges pending against him. The apparent purpose of the legislature in passing the act was to prevent the oppression of a confined prisoner in a penal institution by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal cases. (See, *State v. Goetz*, 187 Kan. 117, 353 P. 2d 816.) The courts in recent times have dispelled the idea that a man already in prison under a lawful sentence is not in a position to suffer from undue and oppressive incarceration prior to trial. As emphasized in *Smith v. Hooey*, 393 U. S. 374, 21 L. Ed. 607, 89 S. Ct. 575, delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bond upon an untried charge.

We have repeatedly held that to obtain the right of a speedy trial under the Uniform Mandatory Disposition of Detainers Act, the inmate must take affirmative action to comply with all the provisions of the act, otherwise he waives his right to question whether he had a speedy trial. (*State v. Brooks*, supra; *Brimer v. State*, 195 Kan. 107, 402 P. 2d 789; *State v. Goetz*, supra.) The affirmative action required of the inmate, however, is conditioned upon the prison officials having complied with K. S. A. 62-2901 (*b*). That section of the statute provides that the warden, superintendent or other official having custody of prisoners *shall* promptly inform each prisoner in writing of the source and nature of any untried indictment, information or complaint against him of which the official has knowledge or notice, and of his right to make a request for final disposition thereof. Section (*c*) of the statute states that failure of the prison officials to so inform the prisoner within one

year after a detainer has been filed shall entitle him to a final dismissal of the indictment, information or complaint with prejudice.

Unlike in *Brooks* and *Thomas*, the prosecution here was pending in the same county where the state penal institution was located. Under these circumstances, the district court apparently took the position that the spirit of the act was satisfied inasmuch as appellant had been brought before the city court and, thus, was aware of the complaint pending against him. Such an interpretation, we believe, completely ignores the plain terms of the statute requiring the warden to inform the prisoner in writing of his right to request disposition of any untried charges.

By the enactment of K. S. A. 62-2901 (*b*), the legislature specifically provided for the manner in which a prisoner was to be informed of his rights under the act. The fact that the prisoner may have been made aware of his rights by his attorney, or from some other source, does not excuse compliance by prison officials with the clear and mandatory language of the statute. If an exception to the statute is to be carved out for those situations where the untried charges are pending in the same county where the state penal institution is located, that is a matter for the legislature, not the courts.

In view of the stipulation that the provisions of K. S. A. 62-2901 (*b*) and (*c*) were not complied with, appellant was entitled to dismissal of the information pending against him with prejudice.

The judgment is reversed and the case remanded to the district court with directions to enter an appropriate order.