No. 46,646

STATE OF KANSAS, *Appellee*, v. ELMORE NORRIS, III, *Appellant*.

(502 P. 2d 817)

Opinion filed November 4, 1972.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *R. B. Miller, III,* special prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Elmore Norris, III, was convicted of escape from the penitentiary without breaking, as denounced by K. S. A. 21-734, and sentenced under the habitual criminal act to a term of not more than six years. He now appeals.

Appellant's principal contention is lack of speedy trial—more specifically, that the state failed to comply with the provisions of the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62-2901, *et seq.,* superseded by K. S. A. 1971 Supp. 22-4301, *et seq.*)

Despite a statement to the contrary in its brief, the prosecution, upon oral argument before this court, agreed with appellant's assertion as to the facts.

The alleged offense occurred April 22, 1969. Complaint was filed and warrant was issued April 25, 1969, by the city court of Leavenworth. Appellant was returned to the penitentiary June 4, 1969, and has continuously been confined there. The warden had knowledge of the escape charge pending against appellant, having initiated it, but did not within a period of one year from June 4, 1969, inform appellant in writing of it and of appellant's right to make request for final disposition thereof.

Preliminary examination was held June 19, 1970, and appellant

was bound over to the district court for trial. June 29, 1970, appellant filed in the trial court his motion to dismiss because of failure to afford speedy trial in violation of K. S. A. 62-2901. This motion was denied and appellant was eventually tried and convicted September 15, 1970.

K. S. A. 62-2901 (*b*) mandates that the warden, superintendent or other official having custody of prisoners shall promptly inform each prisoner in writing of the source and nature of any untried indictment, information or complaint against him of which the warden, superintendent or other official has knowledge or notice, and of his right to make a request for final disposition thereof.

Subsection (*c*) of the act provides that failure to give such information to a prisoner within one year after detainer has been filed at the institution shall entitle the prisoner to a final dismissal of the charge with prejudice. As indicated, the prosecution has now agreed the provisions of (*b*) and (*c*) were not complied with by penal officials.

Concededly, the same issue was before us under similar facts in *State v. Ellis*, 208 Kan. 59, 490 P. 2d 364, to which reference is made. That which was said there is controlling and need not be elaborated.

Because of the state's failure to comply with the mandatory provisions of K. S. A. 62-2901 (*b*) and (*c*) the trial court erred in denying appellant's motion to dismiss. The judgment is reversed and the case remanded to the district court with directions to set aside the conviction and sentence.

APPROVED BY THE COURT.