**STATE of Iowa, Appellee,**

v.

**Steven C. RISTAU, Appellant.**

**No. 63100.**

Supreme Court of Iowa.

May 13, 1981.

Daniel C. Galvin, of O'Brien & Galvin, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., Patrick C. McCormick, Woodbury County Atty. and David L. Gill, Asst. Woodbury County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

LARSON, Justice.

The defendant Steven C. Ristau entered a plea of guilty to a charge of involuntary manslaughter, section 707.5, Code Supp. 1977. Following sentencing he appealed on the ground he had not been brought to trial

within the 180-day limit imposed by the Interstate Agreement on Detainers Act, § 759A.1 (Article III(a)), The Code 1977, now section 821.1 (Article III(a)), The Code 1981. (Following references to the compact will be to the present chapter; the substance of the act is unchanged).

The State concedes the defendant was not tried within 180 days. However, it argues that the running of the 180-day time period was tolled by the intervening action of the district court transferring the case to juvenile court, and that there had been a continuance for good cause. Either event would suspend the running of the time. § 821.1 (Article III(a)) (continuance for good cause); § 821.1 (Article VI(a)) ("running of said time periods [under Articles III and IV] shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter"); *see State v. Wood*, 241 N.W.2d 8, 13–14 (Iowa 1976) (180-day period suspended, even without a motion for continuance, under tolling provision of Article VI(a)).

On May 8, 1978, Ristau, then an inmate of the Nebraska Penal Complex, began the running of the time limit by "caus[ing] to be delivered to the prosecuting officer [of Woodbury County] and the appropriate court . . . written notice of the place of his imprisonment and his request for a trial disposition" of the pending charges, together with the Nebraska warden's certificate of his commitment. § 821.1 (Article III(a)); *see State v. Wood*, 241 N.W.2d at 11–13. On July 25, 1978, he was arraigned, and the case was set for trial on October 3. When it was later realized that Ristau had been under eighteen at the time of the alleged offense, the county attorney applied to transfer the case to juvenile court as required by section 232.65, The Code 1977. In the order of transfer, dated September 29, the court ordered that the matter be continued "upon a showing of good cause" until further order. On November 7, the juve-

nile court waived jurisdiction and ordered that Ristau, who was then an adult, be tried in criminal court. On November 30, 209 days after his request for disposition, he pled guilty; he was sentenced on December 12, 1978, and this appeal followed.

The defendant did not raise, in the trial court, the issue of the State's failure to try him within the prescribed time. It has been held that failure to prosecute in a timely manner under the act, in contrast to dismissals for lack of timely prosecution, Iowa R.Crim.P. 27(2), may be raised at any time, even in a postconviction relief case, *see, e. g., Pierson v. State*, 210 Kan. 367, 502 P.2d 721, 726 (1972), and the State concedes the issue may be raised for the first time on appeal. However, it is not necessary to resolve that issue; even if timely objection had been made, the defendant would not have been entitled to a dismissal.

The defendant contends that good cause had not been established, because, "had the application for transfer to juvenile court been made promptly after arraignment, and had [he] been returned promptly from Nebraska after the certificate [of commitment], some 144 days could have been saved." If 144 days had been "saved," disposition of the case would have been well within the 180 days. It is unnecessary to determine whether good cause was shown because even without a continuance, the proceedings were suspended by the transfer to juvenile court which tolled the running of the limitation period. § 821.1 (Article VI(a)).

While section 232.62, The Code 1977,[1] provided that "[t]he criminal court shall have *concurrent* jurisdiction with the juvenile court over children less than eighteen years of age who commit a criminal offense," (emphasis added), section 232.64 provided:

All juveniles appearing in any court other than the juvenile court and charged with a public offense not exempt by law and who are under eighteen years of age or

---

1. This case predated the Juvenile Justice Act, 1979 Session, 68th G.A., ch. 56 (now chapter 232, The Code 1981). We note in that act significant changes in the jurisdictional provi-

sions which are not applicable here. *See* Note, *Waiver of Juvenile Court Jurisdiction Under Iowa's New Juvenile Justice Act*, 29 Drake L.Rev. 405, 418–19 (1979–80).

who were under eighteen years of age at the time of the commission of the alleged offense *shall immediately be transferred to the juvenile court of the county.* (Emphasis added.) *See Mallory v. Paradise,* 173 N.W.2d 264, 268 (Iowa 1969) (section 232.64 mandatory and not mere "bind-over" provision; juvenile initially appearing in any other court must be transferred to juvenile court).

Upon the entry of the transfer order, the jurisdiction of the juvenile court attached immediately. § 232.67, The Code 1977. Jurisdiction, thus vested in the juvenile court on September 29, 1978, remained there until the court entered its order waiving jurisdiction, under section 232.72, and returning the matter to the criminal court for disposition on November 7. *See Stuart v. State ex rel. Jannings,* 253 N.W.2d 910, 914 (Iowa 1977) ("when a juvenile court ... acquires jurisdiction it continues until the delinquency charge or charges have been properly heard and disposition thereof made, or the alleged violation is referred to the appropriate prosecuting authority for action under the criminal law"); 43 C.J.S. *Infants* § 198, at 518 (1978) ("Proceedings had in the criminal court before submission to the juvenile court of the question of whether the infant should be proceeded against criminally or as a delinquent stand suspended, and if the infant is returned to the criminal court for prosecution, the criminal proceedings may be continued from the point at which they were so suspended.")

Under these circumstances, the defendant was "unable to stand trial" under Article IV(a) and the running of the 180-day period was tolled from September 29 to November 7, 1978. When the time is recomputed, omitting that period, the case was disposed of within the time permitted.

The defendant argues that because no determination of inability to stand trial was made by the district court, the running of the limitation period may not be "deemed" to have been tolled under Article VI(a). We do not agree; the issue presented on appeal is one of law. For the reasons stated, we conclude the running of the limitation period was tolled under the act, and that the court had jurisdiction to enter the judgment.

AFFIRMED.