NOT DESIGNATED FOR PUBLICATION

No. 121,021

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS DEAN SPEER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed September 4, 2020. Reversed and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: The law allows prisoners to have their detainers resolved in a speedy manner. That was not done here, and we must reverse and remand to the trial court with directions to dismiss the charges.

Nicolas Speer, a drug offender, was convicted of three counts of failing to report under the Kansas Offender Registration Act. He appeals the convictions, claiming the State violated his speedy trial rights under the Uniform Mandatory Disposition of

Detainers Act, K.S.A. 22-4301 et seq. Under that act, once an inmate gives notice of a request to have any outstanding charges tried, the State must do so within 180 days unless a continuance is granted under the statute's provisions. See K.S.A. 2019 Supp. 22-4303.

*Case history*

Speer, convicted of burglary, theft, and fleeing or trying to elude an officer in December 2017 in Sedgwick County, was sentenced to 15 months in prison for those crimes. While serving that sentence—on May 16, 2018—Speer filed notice under the Detainers Act to have the pending Butler County charges disposed of within 180 days. See K.S.A. 2019 Supp. 22-4303(b)(1)(A). That triggered the 180-day time limit, which would have required that Speer's trial begin by November 12, 2018.

But earlier in 2017, the State had filed charges against Speer in Butler County, alleging six violations of the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. That Act requires certain offenders to register with local law enforcement agencies and imposes various reporting duties upon those offenders. See K.S.A. 2019 Supp. 22-4905. Speer was subject to 15 years of these reporting requirements because he had been convicted of attempting to unlawfully manufacture a controlled substance in 2009. See K.S.A. 2019 Supp. 22-4906(a)(1)(A), (G), (O).

*The case is set for a preliminary hearing.*

After some prior settings, the court rescheduled the preliminary hearing for October 10, 2018. At that hearing, Speer's attorney asked the court to continue the preliminary hearing because he anticipated Speer would enter a plea on the charges. The lawyer said he needed to determine how Speer's sentence would be calculated relative to the sentence he was serving for the Sedgwick County crimes.

"[Defense counsel]: Judge, we believe we have a resolution of the matter. However, there's some questions that my client has regarding [his] sentence and how that might be calculated. The anticipation is that we will run this time concurrent with his time he's presently serving. He wants to know how that will—in terms of extending his time and what credit he might get against the current—his current status. Frankly, I don't know the answer to that. I think I'll need to call sentence computation and figure out exactly how that will get computed as to whether or not the time that he would be sentenced to in this case, assuming the Court would sentence concurrent, would be backdated to the time he was initially arrested on this matter. And I'm not sure I know the answer to that. So, we're asking at this point to continue this matter and let me run that question down. But we would anticipate ultimately entering a plea in the matter."

The court denied the request because the State's witnesses were present and the court wanted to get past the preliminary hearing stage. After that, Speer waived his preliminary hearing. Speer's attorney then asked that the case be set for pretrial and jury trial, while also noting that the parties expected to resolve the case through a plea. The trial court set the pretrial hearing for December 14, 2018, and the trial for December 18, 2018.

The 180-day time limit required Speer's trial to begin by November 12, 2018, so the trial court had scheduled Speer's trial outside the statutory speedy trial period. Neither Speer nor the State objected to this trial date. Speer moved to dismiss for the State's failure to bring him to trial within the 180-day limit imposed by the Detainers Act.

The motion asserted that, as of December 1, 2018, 199 days had passed since Speer petitioned for a prompt trial under the Act. Because the State had failed to bring him to trial within the statutory time limit, Speer said, the court no longer had jurisdiction to try him and it needed to dismiss his charges with prejudice.

3

At the hearing on Speer's motion to dismiss, the State argued that the Act's speedy trial protections did not apply because Speer's attorney had asked for a continuance of the preliminary hearing on October 10, 2018. Speer's attorney did not deny that he had asked for a continuance, but he asserted that no continuance was ever granted—the court asked to either hold the hearing or secure a waiver, and Speer waived the preliminary hearing.

Speer's attorney also argued that the Act imposes an obligation on the State, not the defendant, to bring the case to trial within 180 days, so the State should have known about Speer's Detainer Act petition and when the 180-day period would expire.

The court found that Speer could invoke the Act's speedy trial protections because he had substantially complied with the statutory procedures. See *State v. Burnett*, 297 Kan. 447, Syl. ¶ 4, 301 P.3d 698 (2013). The State has not disputed Speer's substantial compliance on appeal.

But the court said that, after reviewing the transcript of the October 10 hearing, Speer had acquiesced to a trial date beyond the 180-day period because the attorney had said that he needed to do more research before Speer could enter into the anticipated plea agreement:

> "THE COURT:  Well, you know, I've read a lot of speedy trial cases through the years. This is in a sense a speedy trial case, but it's a speedy trial case for inmates, as I said earlier. But I think the law that applies—might well apply to both areas. And what I remember reading in cases under the traditional speedy trial statute is if a defendant requests for—requests a continuance, it counts against him. If a defendant acquiesces in a continuance, it counts against him. And I really think that's kind of what happened on October the 10th. . . .
> "What I was told on October the 10th is that the parties were working on a plea. And I really think that, you know, what was put on the record that day was [tantamount] to acquiescence of setting a date beyond what we now know was the 180-day deadline."

The court therefore denied Speer's motion to dismiss.

After that, the parties stipulated to certain facts for purposes of the trial. Based on those stipulated facts, the trial court found Speer guilty of three counts of violating the Kansas Offender Registration Act and the State had dismissed the other three counts in exchange for proceeding with a trial on stipulated facts. The court sentenced Speer to 34 months in prison—the mitigated presumptive sentence under Kansas sentencing guidelines. Speer appeals the convictions on speedy trial grounds.

*Our analysis*

The statute—K.S.A. 2019 Supp. 22-4303—controls the outcome of this appeal. Here is the operative language:

> "(b)(1) Following the receipt of the certificate by the court and county attorney from the secretary of corrections, the indictment, information or complaint shall be brought to trial, or the motion to revoke probation shall be brought for a hearing:
>
> (A) If the inmate has one detainer, within 180 days;
>
> . . . .
>
> (C) within such additional time as the court for good cause shown in open court may grant.
>
> (2) The requirements of paragraph (1) shall not apply to any time during which a continuance or delay has been requested or agreed to by the inmate or the inmate's attorney.
>
> . . . .
>
> (4) If, after receipt of such certificate, the indictment, information or complaint is not brought to trial within the time period specified in this subsection, . . . no court of this state shall any longer have jurisdiction thereof, . . . and the court shall dismiss it with prejudice."

So the statutory language provides three ways to extend the 180-day limit:

(1) the court for good cause in open court grants more time;

(2) the defendant has requested—and the court has granted—a continuance or delay; or

(3) the parties have agreed to a continuance or delay.

The trouble we have with the court's reasoning in denying Speer's dismissal motion is its finding of Speer's acquiescence to a continuance. The finding is not supported by the record. True, he asked for a continuance of the preliminary hearing—but the court denied that request. Speer then waived his preliminary hearing. No continuance was granted. A defendant cannot agree to something that did not happen. Simply put, this case was set for trial well outside the 180-day limit.

Once the case continued past November 12, 2018, the trial court lost jurisdiction because the State had not brought the case to trial within 180 days. See K.S.A. 2019 Supp. 22-4303(b)(4). It is not the defendant's obligation to inform the State or the court. The Detainers Act places the burden on the State to bring the case to trial. It failed to do so here. We are mindful of our Supreme Court's admonition in *Pierson v. State*, 210 Kan. 367, 371, 502 P.2d 721 (1972), when the court stated the Act's speedy trial right "is not a grant of a mere privilege. It is the grant to an accused person of a right of which he cannot be deprived by the laches of public officials."

According to K.S.A. 2019 Supp. 22-4303(b)(4), we must reverse Speer's convictions and remand this case to the trial court with directions to dismiss with prejudice.

Reversed and remanded with directions.